Houston, J.
This matter is before the court on defendant Financial Investment Corporation’s (“Financial”) Motion for Reconsideration of this court’s May 23, 1994 decision allowing John C. McCarthy and E. Andrea Brox (“Intervenors”) Motion to Intervene in this action, pursuant to Superior Court Rule 9D.
BACKGROUND
Intervenors were high bidders at a July 13, 1993 public auction (“Auction”) of property owned by Financial and located at Lot 20, Mildred Circle, Concord, Massachusetts (“Property”). At the time of the Auction, the Property was free and clear of encumbrances other than those that would have been referenced on the owner’s title policy. As high bidders, Intervenors tendered a deposit totalling $6,175.00.[3] Intervenors signed a Purchase and Sale Agreement (“Agreement”) with respect to the Property, which was subject to confirmation by Financial. The Agreement was not executed by Financial. The Agreement expressly provided that in the event that Financial was unable to close on the Property, Intervenors' sole remedy at law or in equity would be the return of their deposit. The document further provided that Intervenors would be *492 barred from bringing a claim to enforce specific performance of the Agreement.
Following the Auction, on July 29, 1993, a lis pendens was recorded on the Property. The lis pen-dens was recorded pursuant to a motion brought by Blair Galinsky, as Trustee of the Calliriche Realty-Trust (“Calliriche”). Prior to the Auction, on July 9 and 12, 1993, this court twice denied Calliriche’s motion for lis pendens. Following the Auction, on July 15, 1993, Calliriche filed a motion for reconsideration of the court’s decision, which the court allowed on July 29, 1993. As a result of the lis pendens, Financial was unable to proceed with the sale of the Property and returned Intervenors’ deposit on or about September 24,1993.
Calliriche and Financial have engaged in extensive settlement discussions in an effort to resolve the underlying lawsuit. Calliriche and Financial have signed a Purchase and Sale Agreement with respect to the Property and a closing is scheduled for July 1994. As part of their agreement, Calliriche and Financial have executed a stipulation of dismissal of Calliriche’s claims against Financial.
DISCUSSION
In order to intervene as of right under Mass.R.Civ.P. 24(a), the potential intervenor must have an interest relating to the property . . . which is the subject of the action. The requisite interest necessary to sustain a claim for intervention as of right is a “direct, substantial and significant protectable interest in the litigation . . .” James W. Smith and Hiller B. Zobel, Rules Practice §24.2 (Supp. 1994).
In order to intervene under Mass.R.Civ.P. 24(b), an applicant for intervention must show that it has a claim with a question of fact and/or law in common with the main action. Permissive intervention should be disallowed if it will unduly delay or prejudice the adjudication of the rights of the original parties. Mass.R.Civ.P. 24(b).
Under either rule allowing for intervention, Interve-nors have not met the necessary legal criteria. Inter-venors have not shown an “interest,” legal or equitable, based upon any contract or oral agreement with Financial, that is subject to legal or equitable protection warranting intervention under Rule 24(a). The express language of the Agreement, to which Intervenors were the only signatories, stipulates that their only remedy at law or in equity was the return of their deposit. The deposit was returned. Intervenors allege an equitable interest in the Property based upon their reasonable belief that the Property was free and clear of clouds on the title, their submission of the highest bid at Auction, and their tendering of the required deposit. Without a fully executed Agreement, Intervenors cannot claim such an equitable interest. Their reasonable belief that the Property was free and clear of clouds on the title at the time of the Auction, which it was, does not grant them an equitable interest in the Property, which later became encumbered by a lis pendens, rendering Financial unable to confer clear title.
Under Mass.R.Civ.P. 24(b) the applicant has not made the requisite showing that it has a claim with a question of fact and/or law in common with the main claim. Calliriche’s claim involves the validity of an option contract it entered -into with Guaranty First Bank (“Bank”) and whether that contract is binding upon Financial, formerly a wholly-owned subsidiary of the Bank.
Further, Calliriche requests specific performance of the contract and breach of contract damages. Insofar as Intervenors are neither parties to nor beneficiaries of the option contract, they cannot assert that their claim raises issues of fact or law in common with the claims of the underlying action.
Even if the court found an issue of law or fact in common with the main action, the court has full discretion to refuse intervention. C.A. Wright and A.R. Miller, 7C Federal Practice and Procedure: Civil, §1913 (2d ed. 1986). The court has “the full range of reasonable discretion in evaluating whether the requirements for intervention have been satisfied.” Peabody Federation of Teachers, Local 128, AFT, AFL-CIO v. School Committee of Peabody, 28 Mass.App.Ct. 410, 413 (1990). The court is allowed the same discretion in reconsidering such a motion as it had upon original consideration.
The interests asserted by Intervenors in support of their motion to intervene do not support a claim to a right to intervene as of right under Mass.R.Civ.P. 24(a). Upon reconsideration, the court finds that Intervenors have not asserted an issue of law or fact in common with the main cause of action sufficient to justify the allowance of their intervention into this matter under Mass.R.Civ.P. 24(b), either. Allowing Intervenors to remain in this case would unduly delay the resolution of this matter between the original parties, who have conditionally settled their claims and who intend to close on the sale of the Property in July 1994.
Under these facts, intervention by McCarthy and Brox is inappropriate.
ORDER
Based upon the foregoing, it is hereby ORDERED that the motion to intervene, submitted by John C. McCarthy and E. Andrea Brox, be DENIED, upon reconsideration of the matters at issue.

 This amount has been alternately stated as $6,500.00 in various documents. The amount is not material to these claims, however.